UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ELIAS JUAREZ,<br><br>            Petitioner,<br><br>    v.<br><br>PAUL THOMPSON,<br><br>            Respondent. | No. 2: 21-cv-0945 TLN KJN P<br><br>FINDINGS & RECOMMENDATIONS |

      Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that he is entitled to immediate release to a Residential Drug Treatment Program based on application of earned time credits to his sentence under the First Step Act.

      Pending before the court is respondent's motion to dismiss. (ECF No. 9.) For the reasons stated herein, the undersigned recommends that respondent's motion to dismiss be granted.

Background

      On May 25, 2017, petitioner was sentenced to serve 120 months in federal custody by the United States District Court for the Eastern District of Michigan for violating 21 U.S.C. §§ 846, 841(a)(1) (conspiracy to distribute controlled substance). (ECF No. 9-1 at 2.) Petitioner's projected release date, including speculative good conduct credit, is January 1, 2026. (Id.)

////

1

On May 25, 2021, petitioner filed the pending habeas corpus petition pursuant to 28 U.S.C. § 2241 arguing that he is entitled to immediate release to a Residential Drug Treatment Program based on application of earned time credits to his sentence under the First Step Act. (ECF No. 1.)

On September 24, 2021, respondent filed the pending motion to dismiss. (ECF No. 9.) Respondent moves to dismiss the petition for lack of Article III standing and ripeness, lack of jurisdiction under 28 U.S.C. § 2241, and for failure to exhaust administrative remedies. (Id.)

On September 29, 2021, petitioner filed an opposition to the motion to dismiss. (ECF No. 10.)

Discussion

*The First Step Act*

The First Step Act was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The relevant portions of the First Step Act allow eligible prisoners to earn time credits against their sentences for successfully completing certain "recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4). The Attorney General was allowed 210 days after the First Step Act was enacted to develop and publish the Risk Assessment Needs system, which the Bureau of Prisons ("BOP") must use as a guide to implement the programs. 18 U.S.C. § 3632(a). The Attorney General published the Risks and Needs Assessment on July 19, 2019. The BOP then had 180 days, or until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs. 18 U.S.C. § 3621(h).

Thereafter BOP was given an additional two years, or until January 15, 2022, to phase in programming and provide "evidenced based recidivism reduction programs and productive activities for all prisoners." 18 U.S.C. § 3621(h)(2)(A-B). Moreover, during this "phase-in" period, which has not expired, the BOP was empowered to exercise its own discretion as to how and when to expand programs and activities, as well as offer the system's incentives and rewards as of the date of enactment of the First Step Act:

////

> Beginning on the date of enactment of this subsection, the Bureau of Prisons *may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

§ 3621(h)(4) (emphasis added).

*Ripeness*

The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hosp. Ass'n v. Dep't of the Interior, 538 U.S. 803, 808 (2003) (quoting Reno v. Cath. Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993)). It "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements" when those disagreements are premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985) (citations omitted); Wolfson v. Brammer, 616 F.3d 1045, 1057 (9th Cir. 2010); see also Simmonds v. INS, 326 F.3d 351, 357 (2d Cir. 2003) (evaluating ripeness in the context of a habeas petition, stating "[p]rudential ripeness is ... a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination ").

The majority of courts that have considered claims regarding the BOP's alleged failure to award earned time credits under the First Step Act have concluded that these claims are not ripe at this time because the BOP has until January 15, 2022, to "phase-in" the evidence-based recidivism programs and productive activities for all prisoners. Khouanmany v. Gutierrez, 2021 WL 4394591, at *4 (C.D. Cal. Aug. 2, 2021) ("The majority of courts to have considered claims regarding the BOP's failure to award earned time credits under the First Step Act have concluded that such claims are not ripe at this time because the BOP has until January 15, 2022 to "phase-in" the evidence based recidivism reduction programs and productive activities for all prisoners.") (citing Novotny v. Yankton FPC, Warden, 2021 WL 3089287, at *1 (D. S.D. July 21, 2021) (inmates do not have standing to seek an order requiring the BOP to apply earned time credits

3

toward prerelease custody before January 15, 2022); Diaz v. Warden, FCI-Ray Brook, 2021 WL 3032694, at *2-3 (N.D. N.Y. July 19, 2021) (challenge to BOP's calculation of earned time credit under the First Step Act was not ripe for review); Hand v. Barr, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021) ("because the Act does not require BOP to provide evidence-based recidivism reduction programs and productive activities for all prisoners until January 2022, the Court finds that petitioner's claims regarding earned time credits and evidence-based recidivism reduction programs are not ripe"), findings and recommendation adopted by 2021 WL 1853295, at *2 (E.D. Cal. May 10, 2021) (given that the regulations governing the First Step Act time credits have yet to be codified, the court agreed that the petitioner's claims regarding First Step Act time credits were not ripe); Cohen v. United States, 2021 WL 1549917, at *3 (S.D. N.Y. Apr. 20, 2021) (claims challenging calculation of earned time credits under the First Step Act was not ripe); Kennedy-Robey v. FCI Pekin, 2021 WL 797516, at *3-4 (C.D. Ill. Mar. 2, 2021) ("The use of the word 'may' indicates that, while it is permissible for the BOP to award time credits under the statute at any time after the date of enactment, the BOP is not required to do so"; thus, the petitioner did not have standing to demand that the BOP apply her time credits as she calculated)); see also Rios v. Thompson, 2021 WL 5040357 (E.D. Cal. Oct. 29, 2021) (claim for immediate release to home confinement based on credits awarded under the First Step Act not ripe); Cisneros-Gutierrez v. White, 2021 WL 4460533 (E.D. Cal. Sept. 9, 2021) (claim for immediate release based on credits awarded under the First Step Act not ripe).

      The undersigned agrees with the reasoning of the courts cited above and finds that petitioner's claim for immediate release to a Residential Drug Treatment Program based on application of credits earned under the First Step Act is not ripe.[1]

---

[1] In support of the motion to dismiss, respondent submitted the declaration of BOP Senior Correctional Programs Specialist Christopher Liwag. (ECF No. 9-1.) Mr. Liwag states that petitioner is eligible to earn credits under the First Step Act. (Id. at 11.) Mr. Liwag states that when the phase-in time is reached in January 2022, and if petitioner meets other criteria for eligibility, petitioner will be eligible to apply his credits toward discretionary pre-release custody in accordance with the appropriate calculations. (Id.) "Because BOP has not completed its phase-in, the precise calculations for petitioner and amount of credit he can apply, as well as their precise application, are speculative." (Id. at 11-12.)

4

In the petition, petitioner cites Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), where the district court found that the BOP need not wait until January 15, 2022, to implement the at-issue sections of the First Step Act.  However, the undersigned joins the numerous courts that have respectfully disagreed with the Goodman decision.  Diaz v. Warden, 2021 WL 3032694, at *2-3 (N.D. N.Y. July 19, 2021) (acknowledging Goodman but noting that the majority of courts disagree with that opinion); Holt v. Warden, 2021 WL 1925503, at *5 (D. S.D. May 13, 2021) (collecting cases that have disagreed with the Goodman opinion); Kennedy-Robey, 2021 WL 797516, at *4 (C.D. Ill. March 2, 2021) ("If immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4)).

Because the undersigned finds that petitioner's claim is not ripe, there is no need to address the other grounds raised in respondent's motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 9) be granted on the grounds that petitioner's claim is not ripe.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 15, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Juar945.dis

5