UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ELIAS JUAREZ,

          Petitioner,

    v.

PAUL THOMPSON,

          Respondent.

No.  2:21-cv-00945-TLN-KJN

**ORDER**

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On January 11, 2022, this Court granted Respondent's motion to dismiss on the grounds that Petitioner's claim is not ripe.  (ECF No. 15.)

On January 21, 2022, Petitioner filed a motion for reconsideration of the January 11, 2022 Order.  (ECF No. 17.)  Petitioner also requests the Court issue a certificate of appealability.  (*Id.*) The Court construes Petitioner's motion for reconsideration as a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  For the reasons stated herein, Petitioner's request for relief from judgment is denied.[1]

In this action, Petitioner argued that he was entitled to immediate release to a Residential Drug Treatment Program based on application of earned time credits to his sentence under the

---

[1] Although Petitioner appealed the January 11, 2022 Order, the Court may consider Petitioner's request for relief from judgment. Fed. R. App. 4(a)(4)(B)(i).

1

1   First Step Act.  (ECF No. 11 at 1.)  This Court agreed with the majority of courts concluding that
2   Petitioner's claim was not ripe because the Bureau of Prisons ("BOP") had until January 15,
3   2022, to "phase-in" the evidence-based recidivism programs and productive activities for all
4   prisoners.  (ECF Nos. 11 at 3–4; 15.)

5   In the petition, Petitioner cited *Goodman v. Ortiz*, 2020 WL 5015613 (D.N.J. Aug. 25,
6   2020), where the district court found that the BOP need not wait until January 15, 2022, to
7   implement the at-issue sections of the First Step Act.  (ECF No. 11 at 5.)  This Court joined with
8   the numerous courts that respectfully disagreed with the *Goodman* decision.  (ECF Nos. 11 at 5;
9   15.)

10   In the pending motion, Petitioner references *Cazares v. Hendrix*, 2021 WL 5921367 (D.
11   Or. Dec. 15, 2021).  (ECF No. 17 at 2.)  In *Cazares*, federal inmates filed habeas corpus petitions,
12   which were consolidated, seeking relief under the First Step Act.  *Id.* at *1.  In relevant part, the
13   district court found the *Goodman* reasoning persuasive.  *Id.* at *11.  The district court ordered the
14   respondents to calculate and award applicable credits under the First Step Act.  *Id.*

15   After reviewing *Cazares* and the other arguments raised in the pending motion, the Court
16   declines to reconsider the previous order finding that Petitioner's claim is not ripe.  Accordingly,
17   Petitioner's request for relief from judgment is denied.[2]

18   On November 11, 2022, the Court declined to issue a certificate of appealability.  (ECF
19   No. 15.)  The Court declines to reconsider this order.  Accordingly, Petitioner's pending request
20   for issuance of a certificate of appealability is denied.[3]

---

[2] The January 15, 2022 deadline for the BOP to complete the phase-in of the Fair Step Act has passed.  Once the BOP applies Fair Step Act credits or fails to properly apply such credits, Petitioner may file a new petition for relief, if appropriate

[3] In the pending motion, Petitioner alleges that he "may have blindly filed" an opposition to the motion to dismiss because "petitioners at Herlong never received a response . . . " (ECF No. 17 at 1.)  Petitioner contends that he was not served with the "Liwang, Pino or Hubbard declarations." (*Id.*)  This Court observes that respondent attached the declaration of C. Liwag to the motion to dismiss.  (ECF No. 9-1).  Respondent did not attach declarations from persons identified as "Pino" or "Hubbard."  Petitioner filed an opposition to respondent's motion to dismiss addressing a declaration he identifies as the "Liang" declaration.  (ECF No. 10 at 3.)
It is unclear if Petitioner is claiming in the pending motion that he did not receive Respondent's motion to dismiss.  However, Petitioner filed an opposition to Respondent's motion and addressed the "Liang" declaration, which could be a reference to the Liwag declaration

1    Accordingly, IT IS HEREBY ORDERED that Petitioner's motions for issuance of a certificate of appealability and for reconsideration of the January 11, 2022 Order, construed as a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 17), are DENIED.

DATED: March 2, 2022

                Troy L. Nunley
                United States District Judge

---

attached to respondent's motion.  Because the record suggests that Petitioner received Respondent's motion to dismiss, there is no need to further address Petitioner's claim that he may not have received Respondent's motion.

3